UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY R. TWITTY, SR., ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 1:12-cv-00985-TWP-MJD |
| ) | |
| KEITH BUTTS, Warden, ) | |
| ) | |
| Respondent. ) | |

**ENTRY DISCUSSING PETITION FOR WRIT OF HABEAS
CORPUS AND DENYING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on the Petition of Terry R. Twitty, Sr. ("Mr. Twitty") for a writ of habeas corpus (Dkt. 1). For the reasons explained in this Entry, the Petition must be denied and the action dismissed with prejudice. In addition, the Court finds that a certificate of appealability should not issue.

### I. THE PETITION FOR WRIT OF HABEAS CORPUS

**A.  Applicable Law**

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a)(1996). The scope of federal habeas review is limited. *Wilson v. Corcoran*, 131 S. Ct. 13, 16 (2010). "[I]t is only noncompliance with *federal* law that renders a State's criminal judgment susceptible to collateral attack in the federal courts. . . .  It is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." *Id.* (internal citations and quotations omitted) (emphasis in original).  Moreover, "[t]o say that a petitioner's claim is not cognizable on habeas review is thus another way of saying that his claim 'presents no federal issue at all.'" *Perruquet v. Briley,* 390 F.3d 505, 511 (7th Cir. 2004)

(quoting *Bates v. McCaughtry,* 934 F.2d 99, 101 (7th Cir. 1991)).

"[W]hen examining a habeas corpus petition, the first duty of a district court . . . is to examine the procedural status of the cause of action." *United States ex rel. Simmons v. Gramley,* 915 F.2d 1128, 1132 (7th Cir. 1990). "A state prisoner . . . may obtain federal habeas review of his claim only if he has exhausted his state remedies and avoided procedurally defaulting his claim." *Thomas v. McCaughtry,* 201 F.3d 995, 999 (7th Cir. 2000). Procedural default occurs "when a habeas petitioner has failed to fairly present to the state courts the claim on which he seeks relief in federal court and the opportunity to raise that claim in state court has passed." *Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004).

In order to have avoided committing procedural default, a federal habeas petitioner must "assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings . . . . This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory." *Lewis v. Sternes,* 390 F.3d 1019, 1025–26 (7th Cir. 2004).

**B.**     <u>**Analysis**</u>

In this case, Mr. Twitty was convicted of three counts of child molesting, each as a Class A felony, and two counts of child molesting, each as a Class C felony. His conviction and sentence were affirmed on appeal in *Twitty v. State,* Cause No. 32A01–0402–CR–55 (Ind.Ct.App. July 30, 2004). The trial court's denial of Mr. Twitty's petition for post-conviction relief was affirmed on appeal in *Twitty v. State*, Cause No. 32A01-1001-PC-19 (Ind.Ct.App. Sept. 29, 2010). Thereafter, Mr. Twitty's petition for transfer to the Indiana Supreme Court was denied.

In his habeas petition, Mr. Twitty asserts the following claims: (1) he received ineffective assistance of trial counsel; (2) he received ineffective assistance of appellate counsel; and (3) he received ineffective assistance of post-conviction counsel. The third of these claims was dismissed by this Court at the outset of this case with the following explanation: "The third claim in the petition for writ of habeas corpus is summarily dismissed pursuant to Rule 4 of the *Rules Governing Section 2254 Proceedings in the United States District Courts* because it is based on allegations involving the post-conviction relief proceeding and those allegations do not support a cognizable claim for relief under 28 U.S.C. § 2254(a)."

Based on the pleadings and the expanded record, it is apparent that Mr. Twitty only presented the third of his habeas claims to the Indiana Supreme Court. His first two claims were presented in his petition for post-conviction relief. However, Mr. Twitty did not include either of his first two habeas claims in his petition for transfer to the Indiana Supreme Court from the decision of the Indiana Court of Appeals in affirming the denial of post-conviction relief, and his failure to do so constitutes his procedural default. *Resnover v. Pearson,* 965 F.2d 1453, 1458 (7th Cir. 1992) (procedural default "occurs when a claim could have been but was not presented to the state court and cannot, at the time that the federal court reviews the habeas petition, be presented to the state court"), *cert. denied,* 508 U.S. 962 (1993).

A habeas petitioner may overcome procedural default by demonstrating cause for the default and actual prejudice or by showing that the court's failure to consider the claim would result in a fundamental miscarriage of justice. *See House v. Bell,* 547 U.S. 518, 536 (2006); *Coleman v. Thompson,* 501 U.S. 722, 750 (1991). The Supreme Court defines cause sufficient to excuse procedural default as "some objective factor external to the defense" which prevents a habeas petitioner from pursuing his constitutional claim in state court. *See Murray v. Carrier,*

477 U.S. 478, 492 (1986); *see also Smith v. McKee,* 598 F.3d 374, 382 (7th Cir. 2010). A fundamental miscarriage of justice occurs when a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray,* 477 U.S. at 496; *see also Smith,* 598 F.3d at 387–88.

In their Return to Order to Show Cause (Dkt. 11), Respondent submits that Mr. Twitty has procedurally defaulted on all of his claims because none of them were presented in his Petition to Transfer to the Indiana Supreme Court. Mr. Twitty has replied to the Respondent's Return to Order to Show Cause, however in doing so, he does not acknowledge that he has committed procedural default. And, he does not attempt to establish cause for and prejudice from his default, nor that the failure of the Court to reach the merits of his habeas claim would result in a fundamental miscarriage of justice. Instead, Mr. Twitty argues that under Indiana law it was the Court of Appeals which had the final level of review of the denial of his petition for post-conviction relief. This argument is without merit because the Indiana Supreme Court's discretionary review includes actions for post-conviction relief. *See, e.g.*, *State v. Hollin,* 970 N.E.2d 147 (Ind. 2012); *State v. Hicks,* 525 N.E.2d 316 (Ind. 1988). Indeed, in *Hampton v. State,* 961 N.E.2d 480 (Ind. 2012), and in *Farris v. State,* 907 N.E.2d 985 (Ind. 2009), the Indiana Supreme Court granted the defendant's petition to transfer asserting claims of ineffective assistance of counsel. This procedure was open to Mr. Twitty, as demonstrated both by the foregoing authorities and by his own petition to transfer. Under these circumstances, the Court has no choice but to deny the petition for writ of habeas corpus without reaching the merits of the habeas claim.

## II. CONCLUSION

"[H]abeas corpus has its own peculiar set of hurdles a petitioner must clear before his claim is properly presented to the district court." *Keeney v. Tamayo-Reyes,* 504 U.S. 1, 14 (1992) (O'Connor, J., dissenting) (internal citations omitted). One of these is the doctrine of procedural default. That is the barrier Mr. Twitty faces here, which he has failed to overcome. His Petition for a writ of habeas corpus (Dkt. 1) must therefore be **DENIED** and the action dismissed with prejudice**.**

Judgment consistent with this Entry shall now issue.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the *Rules Governing § 2254* proceedings, and 28 U.S.C. § 2253(c), the Court finds that Mr. Twitty has failed to show that reasonable jurists would find it "debatable whether [this court] was correct in its procedural ruling[s]." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). The Court therefore **DENIES** a certificate of appealability.

**SO ORDERED.**

Date: 05/13/2013

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Terry R. Twitty, Sr., #990104
Pendleton Correctional Facility
Inmate Mail/Parcels
4490 West Reformatory Road
Pendleton, Indiana  46064

Justin F. Roebel
OFFICE OF THE INDIANA ATTORNEY GENERAL
justin.roebel@atg.in.gov